# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1027

ANDREW J. MCCUTCHEON,                                          APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                 APPELLEE.

Before IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

On June 14, 2001, the appellant, veteran Andrew J. McCutcheon, filed pro se a Notice of Appeal from a March 23, 2001, decision of the Board of Veterans' Appeals (Board) that had denied an initial effective date prior to May 15, 1995, for the total disability rating for service-connected major depression that was awarded in June 1996 by a Department of Veterans Affairs (VA) regional office (RO). Record (R.) at 3. Mr. McCutcheon filed a brief on February 8, 2002, and the Secretary filed a brief on March 13, 2002. On February 28, 2003, Clark Evans, Esq., entered an appearance on behalf of Mr. McCutcheon.

In its March 2001 decision, the Board noted the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), while the matter was on appeal. R. at 16. Among other things, the VCAA eliminated the well-grounded-claim requirement and modified the Secretary's duties to notify and assist claimants (38 U.S.C. §§ 5103(a), 5103A). *See generally* VCAA, §§ 3, 4, 7; *see also Quartuccio v. Principi*, 16 Vet.App. 183, 186-87 (2002); *Charles v. Principi*, 16 Vet.App. 370, 373-74 (2002) (holding that Board's failure to address adequately the new section 5103(a) notice provisions is a ground for remand under 38 U.S.C. §§ 7104(a) and (d)(1)). By addressing whether VA complied with the VCAA, the Board seemed to have assumed, without stating, that the VCAA was applicable to the veteran's appeal seeking an earlier effective date (EED) for an initial award of a disability rating. R. at 16. The Board also stated that "[i]t was requested [by the veteran] that the case not be remanded [from the Board to the VARO] if at all possible," and concluded that "there has been substantial compliance with [the] VCAA" and that "the request that the case not be remanded is honored and . . . the veteran is not prejudiced." *Id*. The Secretary, in his brief, cited to both this conclusion of the Board as well as the purported "request" that the case not be remanded that was made by the veteran before the Board, and argued that "remand is not required." Brief at 17. The appellant's informal brief contained no discussion regarding that "request" and what, if anything, it meant.

The Court notes the appearance, nearly one year after the last filing of a substantive pleading in this case, of Mr. Evans as the attorney for the veteran. In the interest of receiving fully developed

arguments, the Court finds that it is appropriate to allow the now-represented appellant an opportunity to respond to the Secretary's brief. *See* U.S. VET. APP. R. 2 (providing that to expedite decision or for good cause, Court may suspend application of its Rules in particular case and order proceedings according to its direction). Furthermore, the Court requires supplemental briefing in this case on the following questions:

1. Do the notice provisions of 38 U.S.C. § 5103(a) apply to EED issues raised on an appeal to the Board from an initial award of benefits, i.e., where the service-connection claim has already been "substantiate[d]"?

2. If either party believes that the section 5103(a) notice provisions do *not* apply to such a claim, is such a view consistent with *Huston v. Principi*, 17 Vet.App. 195, 202 (2003)?

3. If the section 5103(a) notice provisions of the VCAA apply to such a claim, did the appellant, through his attorney, waive application of these provisions before the Board by stating that the issue "essentially involves issues of law rather than fact (for the most part)" and by "asking [that] it <u>not</u> be remanded to the [RO] if at all possible" (R. at 772)? The parties should address in their responses both whether the law permits claimants to waive such application in the VA adjudication process, whether the appellant here effectively executed such a waiver by his statements quoted above, and, if so, whether such waiver is binding on this Court. *Cf. Janssen v. Principi*, 15 Vet.App. 370, 374 (2001) (holding that represented claimant may waive Court consideration on appeal of VCAA protections "if that is his or her clearly stated, informed, and voluntary desire").

4. Assuming, arguendo, that the section 5103(a) notice provisions apply to the appellant's EED claim, and that there has been no waiver of these provisions, to what extent was the Board correct that "there has been substantial compliance with [the] VCAA" and that "the veteran is not prejudiced" by the Board's refusal to remand the case? R. at 16. Furthermore, what is the applicability, if any, of 38 U.S.C. § 7261(b)(2) (directing the Court to "take due account of the rule of prejudicial error"), to this case?

Notwithstanding the answers to any of the above, the Secretary will also address in his supplemental brief the following conclusion of the VA General Counsel regarding the precedential nature of *Huston*, *supra*:

> Although the [Court] apparently read section 5103(a) to require notice upon receipt of an NOD that raises a new issue arising from a decision granting a claim, the [Court] provided no analysis in reaching this conclusion or even acknowledged that there might be some question as to whether such notice is required. Therefore, to view such conclusion as precedential would, in our view, be inappropriate.

VA Gen. Coun. Prec. Op. 8-2003 (Dec. 22, 2003), at para. 9.

On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file with the Court, and serve on the Secretary, a supplemental brief addressing the questions presented above and responding in any respect he wishes to the Secretary's March 13, 2002, brief. It is further

ORDERED that, not later than 30 days after the filing of the appellant's supplemental brief, the Secretary file with the Court, and serve on the appellant, his response. Not later than 14 days after the filing of the Secretary's supplemental brief, the appellant may file with the Court, and serve on the Secretary, a reply. Interested amici curiae may file a brief, and serve it on the parties, in the same period of time afforded to the appellant to file such reply.

DATED:   April 29, 2004                                   PER CURIAM.